Citation Nr: 1602951 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 06-00 775 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a total disability evaluation based upon individual unemployability due to service-connected disabilities (TDIU).


ATTORNEY FOR THE BOARD

J. Henriquez, Counsel


INTRODUCTION

The Veteran had active service from October 1973 to November 1993.

This matter initially comes before the Board of Veterans' Appeals (Board) on appeal from a July 2004 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In July 2012, the Board referred the issue of entitlement to TDIU for adjudication by the agency of original jurisdiction (AOJ). In September 2013, the AOJ denied entitlement to TDIU, and the record does not indicate that the Veteran has submitted a specific notice of disagreement with this determination; however, under Rice v. Shinseki, 22 Vet. App. 447 (2009), the question of entitlement to TDIU remains an element of the increased rating claims adjudicated by the Board in July 2012.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has reported that he is unemployable due to his service-connected back and feet disabilities. There is also evidence that the Veteran left his employment as a correction officer so that he could take care of his wife who was sick. An April 2007 VA examiner concluded that the Veteran was unable to be employed in law enforcement predominately due to his low back and bilateral feet disabilities. Moreover, more recently, on VA examination in June 2013, the examiner determined that the Veteran had several physical limitations with regard to lifting, walking, standing, bending and climbing.

In this case, the Veteran has a combined disability evaluation of 60 percent and as a result, he does not meet the percentage requirements for a TDIU under 38 C.F.R. § 4.16(a). The Board cannot grant a TDIU in the first instance where the veteran fails to meet the percentage requirements specified in 38 C.F.R. § 4.16(a) (2015). Instead the Board is required to remand the issue to the AOJ, so that it can be referred to VA's Director of Compensation and Pension for initial consideration on an extraschedular basis. Bowling v. Principi, 15 Vet. App. 1 (2001); 38 C.F.R. § 4.16(b) (2015).




Accordingly, the case is REMANDED for the following action:

1. The issue of entitlement to TDIU should be referred to VA's Director of Compensation and Pension for adjudication in accordance with the provisions of 38 C.F.R. § 4.16(b).
 
 2. If TDIU is not granted, the AOJ should issue a supplemental statement of the case, before returning the case to the Board, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).